## BURT GRANT v. STATE.

No. A-2149. Opinion Filed April 10, 1915.

(147 Pac. 328.)

1. **INDICTMENT AND INFORMATION — Duplicity — Redundancy.** The information alleged that the defendant did "unlawfully, knowingly, willfully sell, barter, give away and otherwise furnish spirituous, vinous, fermented and malt liquors and imitations thereof and substitutes therefor, to wit, whisky, beer, ale and wine." Held, not duplicitous, as it only charges an unlawful sale, and the words, "and otherwise furnish," may be rejected as mere redundance.

2. **APPEAL—Verdict—Evidence—Credibility of Witnesses.** The credibility of witnesses is a question solely for the jury's determination; and, to reverse a judgment on the ground that the verdict

is contrary to law and to the evidence, this court must find as a matter of law that the evidence is insufficient to warrant the conviction.

(Syllabus by the Court.)

*Appeal from County Court, Pottawatomie County; Hal Johnson, Judge.*

Burt Grant, convicted of a violation of the prohibitory law, appeals. Affirmed.

*Pitman & Goode,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *S. I. McElhoes,* Asst. Atty. Gen., for the State.

DOYLE, P. J.   This appeal is from a judgment rendered on the 25th day of September, 1913, wherein the court sentenced the defendant in accordance with the verdict of the jury to confinement in the county jail for a period of 150 days and to pay a fine of $410, and costs, taxed at $58.95.

The evidence shows that Willis Yandell, Stonewall Morgan, Willis Bugg, and D. J. Abbott were in the defendant's place and drank whisky and beer, and D. J. Abbott paid for the drinks.   Yandell on cross-examination said the defendant was not the man who sold the drinks.   Stonewall Morgan testified that he did not know whether or not the defendant was the man who sold the drinks.   Willis Bugg testified that the defendant, Burt Grant, was the man who sold the drinks.   His cross-examination showed that he had been convicted three times for violations of the prohibitory law.   J. L. Ginn testified that he followed the other witnesses into the defendant's place of business, and the defendant was there at that time.

In proof of the payment by the defendant of the special tax required of liquor dealers by the United States, a certified copy of the records of the office of the collector of internal revenue for the district of Oklahoma was introduced, showing the payment of such special tax by Wm. B. Grant for the year ending July 1, 1913.

One or two witnesses testified that Burt Grant's correct name was Wm. B. Grant. The only testimony offered by the defense was that of four impeaching witnesses. One said that Willis Bugg's reputation as to truth and veracity was not good. The other three stated that they did not know what his reputation in that respect was.

The information charges that:

"Burt Grant did, in Pottawatomie county, state of Oklahoma, and within the jurisdiction of this court, on or about the 20th day of April, in the year 1913, unlawfully, knowingly, willfully sell, barter, give away and otherwise furnish spirituous, vinous, fermented and malt liquors and imitations thereof and substitutes therefor, to wit: Whisky, beer, ale and wine, unto D. J. Abbott, contrary to," etc.

Upon arraignment the defendant filed a demurrer to the information upon the grounds that:

"It does not conform to the requirements of law, in this: It is not direct and certain as to the offense charged and that more than one offense is charged."

The judgment of the court overruling the demurrer was excepted to and is here assigned as error.

Counsel contends that the information charges the selling and also the otherwise furnishing, thus charging two offenses in one count, and that the information is bad for duplicity.

As we view it, the contention is without merit. The offense as charged in the information was for selling intoxicating liquor, and the words, "and otherwise furnish," do not extend the offense charged and may be rejected as mere redundance. The demurrer was therefore properly overruled.

The assignments of error based upon the instructions given by the court and the refusal of the court to give the single instruction to direct a verdict of not guilty are as devoid of merit as the subsequent assignment that the verdict is contrary to law and to the evidence.

Our conclusion is that the appeal in this case is without merit. The judgment is therefore affirmed. Mandate to issue forthwith.

ARMSTRONG and FURMAN, JJ., concur.